**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY RAY TAFOYA,

      Plaintiff-Appellant,

v.

CHARLES SIMMONS, Director of
Kansas Department of Corrections;
ROBERT D. HANNIGAN, Warden,
Hutchinson Correctional Facility,

      Defendants-Appellees.

No. 96-3237
(D.C. No. 96-3317-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Plaintiff Henry Ray Tafoya ("Tafoya") appeals the district court's dismissal

of his civil rights complaint filed pursuant to 42 U.S.C. § 1983 after determining

that Tafoya had not exhausted available administrative remedies through the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, *res judicata*,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

prison grievance procedure. We exercise jurisdiction under 28 U.S.C. § 1291(a)(1) and AFFIRM.

**BACKGROUND**

On June 17, 1996, Tafoya filed this § 1983 action claiming that Charles Simmons ("Simmons"), as Director of the Kansas Department of Corrections, and Robert D. Hannigan ("Hannigan"), as Warden of the Hutchinson Correctional Facility ("Hutchinson"), had violated his constitutional rights under color of state law. (ROA, ex. C). Tafoya claimed, *inter alia*, that the prison conditions at Hutchinson were sufficiently poor to violate his Eighth Amendment right to be free from cruel and unusual punishment, that the defendants' failure to train correctional officers at Hutchinson violated his substantive due process rights under the Fourteenth Amendment, and that Hutchinson's practice of subjecting prisoners to disciplinary hearings violated the prisoners' right to be free from double jeopardy. (Id.). Tafoya seeks monetary damages and various forms of injunctive relief. (Id.).

The district court did not address the merits of Tafoya's claims but, rather, dismissed his claims for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) (West Supp. 1997). (D.Ct. Order). Tafoya appeals on the grounds that exhaustion would have been futile. (Aplt. Brief, at 3).

**DISCUSSION**

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West Supp. 1997).

Tafoya concedes that he has not exhausted administrative remedies, but argues that he does not need to exhaust where exhaustion would be futile. Tafoya relies on Deltona Corp. v. Alexander, 682 F.2d 888 (11th Cir. 1982) for the proposition that "[c]ourts will not require exhaustion . . . when the administrative remedy is inadequate because it does not exist, would not provide relief commensurate with the claim, or would be so unreasonably delayed as to create a serious risk of irreparable injury." Id. at 893. Tafoya's arguments are misplaced.

As an initial matter, courts look to the kind of institutional and individual interests weighed by the Deltona court only when Congress has not spoken to whether exhaustion is required. "Of paramount importance to any exhaustion inquiry is congressional intent[;]" thus, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). With regard to prison conditions litigation, Congress has specifically mandated

exhaustion, <u>see</u> 42 U.S.C. § 1997e(a) (West Supp. 1997),[1] and thus we do not weigh the fairness of that requirement.

Moreover, Tafoya has not made any showing that exhausting administrative remedies would be futile in this case; rather, he relies on the conclusory allegation that "the administrations actions <u>will</u> <u>not</u> resolve the merits of this action."  (Aplt. Brief, at 3) (emphasis in original).  Thus, even if we believed futility were relevant, we would have no evidence by which to determine whether, in fact, it would be futile to require Tafoya to exhaust.

**CONCLUSION**

Because Tafoya has not exhausted administrative remedies with regard to his civil rights claim as required by 42 U.S.C. § 1997e(a), we AFFIRM the district court's dismissal of Tafoya's case.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1] Although 42 U.S.C. § 1997e(a) only requires the exhaustion of any administrative remedies that are "available," Tafoya has not argued that there are no administrative remedies available with regard to his claims.