Reid v. NH Dept. of Corrections    CV-96-492-B    08/06/97   P

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Robert Reid

    v.                                                    Civil No. 96-492-B

N.H. Dept. of
Corrections, et al.


## REPORT AND RECOMMENDATION

Currently before the court for preliminary review is pro se plaintiff Robert Reid's Verified Second Amended Complaint (document no. 32).[1] See 28 U.S.C. § 1915(A)(a) (Supp. 1997) (requiring courts to review complaints filed by prisoners against governmental entities or agents); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). Defendants have objected to Reid's motion and have submitted a memorandum of law in support thereof (documents no. 36 and 39) ("Defendants' Objection").

---

[1] In his Motion for Leave to File a Verified Second Amended Complaint (document no. 32), Reid sought to replace the then pending Verified First Amended Complaint with the attached (and now pending) Verified Second Amended Complaint. As the court, unbeknownst to Reid, had granted his request to file the Verified First Amended Complaint prior to receipt of the motion to file the Verified Second Amended Complaint, the court now substitutes his Verified Second Amended Complaint for the Verified First Amended Complaint. In so doing, the court grants Reid's motion to file the Verified Second Amended Complaint (document no. 32).

Among the reasons defendants present to oppose Reid's filing of a second amended complaint is that he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) (Supp. 1997). The court agrees with defendants that the law now requires Reid to exhaust his administrative remedies before he may challenge the conditions of his confinement in a § 1983 civil rights action brought in federal court.

Last year the Prison Litigation Reform Act, P.L. 104-134, Title VIII ("PLRA"), became law as part of the Omnibus Appropriation Act of 1996. The PLRA amended both the in forma pauperis statute, see 28 U.S.C. § 1915, and the Civil Rights for Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997 et seq. Among other things, the PLRA changed § 1997e's exhaustion requirement from one that was discretionary to one that is mandatory. Cf. 42 U.S.C. § 1997e(a) (West 1994) and 42 U.S.C. § 1997e(a) (Supp. 1997). The statute now reads:

> No action shall be brought with respect
> to prison conditions under section 1983
> of this title, or any other Federal law,
> by a prisoner confined in any jail, prison,
> or other correctional facility until such
> administrative remedies as are available
> are exhausted.

Id. The amended statute also eliminated those provisions which required certification that the available administrative remedies satisfied statutorily mandated minimum standards. Cf. 42 U.S.C.

2

§ 1997e(a)(2), (b) and (c) (West 1994) and 28 C.F.R. pt. 40, and 42 U.S.C. § 1997e, Historical and Statutory Notes to the 1996 Amendments, Pub. L. 104-134 (Supp. 1997).

The amended statute clearly requires prisoners to first pursue challenges to the conditions of their confinement through the highest level of the available administrative procedures and has been so construed. See Tafoya v. Simmons, 1997 WL 337513, **1 (10th Cir. June 19, 1997) (dismissing action for lack of exhaustion because of clear Congressional intent to mandate exhaustion); see also Graves v. Detella, 1997 WL 72080, *2 (N.D. Ill. Feb. 13, 1997) ("Section 1997e, by its express terms, precludes prisoners from filing actions 'with respect to prison conditions' unless they have exhausted all available administrative remedies."). Moreover, the legislative history of the PLRA consistently demonstrates that Congress intended prisoners to bring their grievances before the state and local authorities responsible for the administration of the implicated prison to give them the first opportunity to resolve the problem or at least to develop a record which the federal courts could then review. See 142 Cong. Rec. S3703-01, *S3704 (discussing how the proposed legislation allows courts to get involved when necessary "but puts an end to unnecessary judicial intervention and micro management of our prison system we see too often"); see

3

also 141 Cong. Rec. H14078-02, *H14105 (explaining how a bill pertaining to federal prisoners, like the bill pertaining to state prisoners, "will provide the opportunity for early resolution of the problem, [] will reduce the intrusion of the courts into the administration of the prisons, and [] will provide some degree of fact-finding so that when or if the matter reaches Federal court there will be a record upon which to proceed in a more efficient manner"). Finally, although the PLRA was criticized as it progressed through Congressional committees and debate, the requirement that available administrative remedies first be exhausted before federal relief could be sought emerged unscathed. See id. at *H14106 (citing problems with other portions of the PLRA); see also 142 Cong. Rec. S2285-02, *S2296-97 (same).

Under the current law, Reid's complaint should be dismissed. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that congressional intent is of "'paramount importance' to any exhaustion inquiry" and that where Congress explicitly requires exhaustion, it is mandatory). He has neither alleged that he has exhausted administrative remedies, nor that they are unavailable. Cf. id. at 152-56 (excusing failure to exhaust prior to bringing a Bivens action where the administrative remedies did not include the monetary damages sought); but see Arvie v. Stalder, 53 F.3d

4

702, 705-06 (5th Cir. 1995) (holding that where both monetary and injunctive relief are sought, exhaustion of administrative remedies can be required). Reid complains about how prison disciplinary and classification procedures have been unfairly applied to him. These allegations, however, do not state, or even suggest, that the prison's grievance procedures are effectively unavailable to him or that he has pursued his grievances within the prison's review system[2].

Defendants, on the other hand, attach to their Objection the New Hampshire Department of Corrections Policy and Procedure Directive, Statement Number 1.16, governing "Complaints and Grievances by Persons under DOC Supervision" (see Exhibit B). This exhibit amply demonstrates that administrative remedies are indeed available to Reid. Defendants also have shown that Reid

---

Attached to Reid's Verified First Amended Complaint (document no. 35) and to his "Supplemental Objection in Opposition" to Defendants' Objection (document no. 45) are numerous "Request Slips," which are the forms used to pursue complaints pursuant to the prison's grievance policy. These Request Slips are not part of the Verified Second Amended Complaint, however, which they should be since it is the controlling pleading. See LR 15.1. Even if they were properly included in Reid's complaint, they do not demonstrate that Reid has exhausted his administrative remedies. In fact, most of the slips support the contrary conclusion, that is that many complaints were not appealed to the first, let alone the final, level of review. If Reid were to pursue this action further in federal court, the court advises him to attach just those Request Slips which demonstrate that the incidents which are the basis of his federal complaint have been administratively exhausted.

has access to an appeal procedure to review the challenged disciplinary hearings. See New Hampshire Department of Corrections Policy and Procedure Directive, Statement No. 5.25, attached to Defendant's Objection as Exhibit A. These grievance procedures provide Reid, and all other residents at the New Hampshire State Prison, with a meaningful opportunity to voice concerns and to seek redress for any perceived deprivation of rights. Cf. Bradley v. Hall, 64 F.3d 1276, 1279-81 (9th Cir. 1995) (finding prison rules overly burdened inmate's right to express grievances and effectively deprived inmates of administrative review). Thus, administrative remedies are available to Reid, which must be exhausted before he can pursue his claims in federal court. See 42 U.S.C. § 1997e(a).

Accordingly, I recommend that Reid's complaint be dismissed, without prejudice to refile after he has pursued the grievance procedure available to him at the prison. See id.; see also 28 U.S.C. § 1915A(b). If this Report and Recommendation is accepted, I further recommend that all attachments to documents numbered 35 and 45, which appear to be Reid's personal copies, be returned to him.

Any objection to this report and recommendation must be filed within ten days of receipt of this notice. Failure to file an objection within the specified time waives the right to appeal

6

the district court's order.  See Unauthorized Practice of Law
Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United
States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge


Date:  August 6, 1997

cc:  Robert A. Reid, pro se
     Nancy J. Smith, Esq.

7