Anthony **SOTO**, Plaintiff,

v.

David **ELSTON**, Correctional Officer, J. Wood, Deputy Superintendent of Security and Captain Garrett Roberts, all of Clinton Correctional Facility, Defendants.

No. 97–CV–6460Fe.

United States District Court, W.D. New York.

Jan. 14, 1998.

Anthony Soto, Auburn, NY, pro se.

## ORDER

CURTIN, District Judge.

### *INTRODUCTION*

Plaintiff Anthony Soto, an inmate of a correctional facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Item 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Item 2). Plaintiff claims that defendants, Corrections Officer Elston, Deputy Superintendent Wood and Captain Garrett, all of Clinton Correctional Facility, have violated his constitutional rights by failing to protect him from an assault by another inmate. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but the complaint is dismissed pursuant to 42 U.S.C. § 1997e(a) because plaintiff has not exhausted his administrative remedies.

### *FACTS*

Plaintiff states that he was assaulted by another inmate on February 15, 1997. Plaintiff alleges that the defendants watched the assault and did not intervene. Plaintiff was hospitalized as a result of the attack. Plaintiff seeks $750,000 in damages.

### *DISCUSSION*

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to proceed *in forma pauperis*.

When the court grants *in forma pauperis* status, section 1915 mandates that the court also must conduct an initial screening of the action to ensure that it goes forward only if it meets certain qualifications. 28 U.S.C. § 1915(e)(2). Furthermore, Section 1915A states that when a complaint in a civil action is filed by a prisoner, the court shall review the complaint filed and dismiss any claims

that are "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A review of plaintiff's complaint reveals that plaintiff's claim is that defendants have violated his constitutional rights by failing to protect him from an assault by another inmate. In essence, failure to protect claims challenge the conditions of a prisoner's confinement. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also Graves v. DeTella,* 1997 WL 72080, at *3 (N.D.Ill. Feb.13, 1997) ("[I]t is well established that prisoner/plaintiffs alleging that their Eighth Amendment rights were violated because they were assaulted by a cellmate are in essence challenging the conditions of their confinement"). Thus, 42 U.S.C. § 1997e, "Suits by prisoners," applies here and provides, in relevant part: "[n]o action shall be brought with respect to prison conditions under section 1983 .... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Here, a review of plaintiff's complaint demonstrates that plaintiff has not exhausted his administrative remedies as is required by § 1997e(a). While plaintiff states in his complaint that the issues are not grievable, all matters relating to prison conditions may be grieved, even claims of failure to protect. For example, in New York State, Corrections Law § 139 provides the statutory scheme for the grievance procedure in correctional facilities and volume 7 NYCRR Part 701, "Inmate Grievance Program," provides the methods by which the grievances are to be brought.

Although the court is sympathetic to the serious nature of plaintiff's allegations, his failure to meet the requirements of 42 U.S.C. § 1997e(a) is fatal to this action. *Tafoya v. Simmons,* 116 F.3d 489 (Table), 1997 WL 337513, at *2 (10th Cir. June 19, 1997) (inmate must exhaust administrative remedies regardless of whether or not the administrative action is futile); *Midgette v. Doe,* 1997 WL 634280 (S.D.N.Y. Oct.15, 1997) (inmate must exhaust his administrative remedies in a failure to protect claim); *Mitchell v. Gomez,* 1997 WL 305273 (N.D.Cal. June 2, 1997) (inmate must exhaust administrative reme-

dies for a claim that prison guards incited other inmates to assault him); *McCoy v. Scott,* 1997 WL 414185 (N.D.Cal. July 15, 1997) (inmate must exhaust administrative remedies for a claim that prison officials ignored his concerns about problems with his cellmate); *Morgan v. Arizona Department of Corrections,* 976 F.Supp. 892, 895–896 (D.Ariz.1997) (inmate's claims that prison officials threatened his safety and allowed other inmates to assault him constituted a prison condition and therefore must be grieved). Based on the above, the complaint must be dismissed without prejudice pursuant to § 1997e(a). Plaintiff may file a new action regarding this incident when he has exhausted his administrative remedies regarding it.

### ORDER

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is hereby granted. However, for the reasons discussed above, the complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

I hereby certify that any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a), and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.