**Herbert D. EDNEY, Sr., Plaintiff,**

v.

**Sergeant H. KARRIGAN and (OIC) Correction Officer White, Defendants.**

**No. 99 Civ. 1675(RWS).**

United States District Court,
S.D. New York.

Oct. 14, 1999.

Herbert D. Edney, Sr., Ogdensburg, NY, plaintiff pro se.

Honorable Eliot L. Spitzer, Attorney General of the State of New York, New York City, by Stacy R. Sabatini, Assistant Attorney General, of counsel, for defendants.

## OPINION

SWEET, District Judge.

Defendants Sergeant H. Kerrigan ("Kerrigan"), who has been sued in this action as "Karrigan," and Corrections Officer White ("White") (collectively the "Defendants"), have moved to dismiss the

complaint of plaintiff *pro se* Herbert D. Edney ("Edney") pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. More specifically, Kerrigan and White seek dismissal on the grounds that Edney failed to exhaust his administrative remedies prior to filing suit, as is required by the Prisoner Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), and that the complaint fails to state a claim under 42 U.S.C. § 1983 ("Section 1983").

For the reasons set forth below, Defendants' motion is granted, and Edney's complaint dismissed without prejudice.

### The Parties

Edney is presently an inmate at the Riverview Correctional Facility ("Riverview"), located in Ogdensburg, New York. Edney was previously located at the Tappan Correctional Facility, where the events that form the basis of the instant action allegedly occurred.

Kerrigan is a Supervisor at the Tappan Correctional Facility ("Tappan").

White is an Officer–in–Charge of Tappan's Control Operations.

### Prior Proceedings

Edney filed his complaint in this action on March 5, 1999, asserting claims against Kerrigan and White pursuant to Section 1983 for violations of his Eighth and Fourteenth Amendment rights. Edney has sued Kerrigan and White in their individual and official capacities, and seeks $10 million in damages.

Defendants filed the instant motion on May 13, 1999, which was marked fully submitted on June 23, 1999.

### Facts

In considering a motion to dismiss, the factual allegations of the complaint are presumed to be true and all factual inferences must be drawn in the plaintiff's favor and against the defendants. *See Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992); *Rubin v. Tourneau, Inc.*, 797 F.Supp. 247, 248 (S.D.N.Y.1992). Accordingly, the factual allegations considered herein and set forth below are taken from Edney's complaint and do not constitute findings of fact by the Court. They are presumed to be true only for the purpose of deciding the present motion.

At 6:40 p.m. on June 23, 1998, upon return to his prison residence after completion of a work assignment, plaintiff was ambushed from behind by a masked attacker, stabbed twice in his back, and then stabbed several times in his arms, chest, and abdomen. As a result of the attack, plaintiff continues to experience pain, nausea, trauma, emotional distress in the form of acute paranoia and heightened anxiety, and nightmares. The attack occurred at the entrance-way to Edney's residence, building number eleven at Tappan.

After the attack, Edney received emergency medical treatment at St. Agnes Hospital in White Plains, New York. Upon his return to prison, Edney was placed in the Sing Sing infirmary for a four-month period of involuntary protective custody. Edney was transferred to Riverview in October of 1998.

Kerrigan and White were the two officers on official duty the evening of June 23, 1998. Edney alleges that the two officers knew that inmates frequently traded "drugs, money, weapons, and other prison contraband" in the area and alleyway near buildings nine and eleven. Edney also alleges that, three weeks prior to plaintiff's assault, Kerrigan implemented a practice and policy during his shift of having three or four corrections officers stationed in the alley and entrance-ways near buildings nine and eleven "during the inmates['] movement at '10–minutes on the hour.'" These officers searched inmates for contraband before allowing inmates entrance to the buildings. However, on June 23, 1998 at 6:50 p.m., the officers were absent.

Plaintiff asserts that Karrigan and White knew of the dangers associated with the drugs, money, weapons, and other prison contraband that was transacted in the areas near buildings nine and eleven, but failed to "secure the area" or "to oversee the prison guards who[se] presence

would have prevented plaintiff's attacker from feloniously assaulting him."

### Discussion

A court should dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts supporting his claim that entitles him to relief. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir. 1984). In considering a motion to dismiss, a court must construe the complaint's allegations in the light most favorable to the plaintiff and accept those allegations as true. *See Dahlberg,* 748 F.2d at 88. Furthermore, a *pro se* complaint is given liberal construction, particularly where civil rights violations are alleged. *See George v. Lorenzo,* No. 98 Civ. 0769(LAP), 1999 WL 397473, at *1 (S.D.N.Y. June 15, 1999) *Cruz v. Jackson,* No. 94 Civ. 2600(RWS), 1997 WL 45348, at *3 (S.D.N.Y. Feb.5, 1997) (*citing Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Morgan v. LaVallee,* 526 F.2d 221, 224 (2d Cir.1975)).

Kerrigan and White press that dismissal is warranted because Edney has failed to exhaust his administrative remedies, as is required by the PLRA. *See* 42 U.S.C. § 1997e(a). Defendants also contend that, notwithstanding any procedural infirmities with Edney's claims, the complaint fails to state an underlying Eighth Amendment claim upon which relief may be granted. More specifically, Kerrigan and White assert that Edney has failed to present facts that suggest they were aware of any substantial risk of serious harm that existed at building eleven at the time Edney was attacked.

### I. Edney's Failure to Exhaust Administrative Remedies Merits Dismissal Without Prejudice

White and Kerrigan have moved to dismiss this action on the ground that Edney has failed to exhaust his remedies, as required by the PLRA, 42 U.S.C. § 1997e(a). Edney fully admits that he did not file an inmate grievance under established Department of Correctional Services (DOCS) procedure concerning the issues raised in his complaint, but asserts that he is not obligated to do so because the relief he seeks in the instant action—monetary damages—is unavailable through the administrative grievance process.

The PLRA states that:

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This language replaces earlier statutory language which afforded the courts significant discretion to determine whether administrative exhaustion "would be appropriate and in the interests of justice," and indicated that the remedies to be exhausted were only those that were "plain, speedy, and effective." 42 U.S.C. § 1997(e)(a) (1994) (amended 1996).

■ Under this provision, exhaustion of administrative remedies is now mandatory for Section 1983 actions regarding prison conditions. *See Woods v. Fitzpatrick,* No. 96 CIV. 1120(DAB), 1999 WL 221108, at *3 (S.D.N.Y. Apr.14, 1999) (citations omitted); *Rivera v. State,* No. 96 Civ. 7697(RWS), 1999 WL 13240, at *4 (S.D.N.Y. Jan.12, 1999); *Melo v. Combes,* No. 97 Civ. 0204(JGK), 1998 WL 67667, at *3 (S.D.N.Y. Feb.18, 1998).

There is conflict within the federal courts, however, as to whether the PLRA's exhaustion language applies to suits for monetary damages when such damages are not also available through the administrative process. *See Vasquez v. Artuz,* 97 Civ. 8427(AJP), 1999 WL 440631, at *5 (S.D.N.Y. June 28, 1999) (noting conflicting decisions); *Beeson v. Fishkill Correctional Facility,* 28 F.Supp.2d 884, 888 (S.D.N.Y. 1998) (same); *compare Garrett v. Hawk,*

127 F.3d 1263, 1266 (10th Cir.1997) (holding that 1997e(a) applies only to the extent that administrative process provides specific remedy requested), *Whitley v. Hunt,* 158 F.3d 882, 886–87 (5th Cir.1998) (same), *Lunsford v. Jumao-As,* 155 F.3d 1178, 1179 (9th Cir.1998) (same), *Polite v. Barbarin,* No. 96 Civ. 6818(DLC), 1998 WL 146687, at *2 (S.D.N.Y. Mar.25, 1998) (finding dismissal to be inappropriate under PLRA, in part because defendant corrections officers failed to identify "any administrative procedure that is available to the plaintiff for the remedy he seeks, i.e., monetary damages to compensate him for ... repeated assaults"), *with Alexander v. Hawk,* 159 F.3d 1321, 1325–27 (11th Cir. 1998) (holding that exhaustion is required even where prison grievance procedures do not afford specific relief sought by plaintiff, such as monetary damages), *Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 537–38 (7th Cir.1999) (same), *Cruz v. Jordan,* —— F.Supp.2d ——, ——–——, No. 98 Civ. 0363(AKH), 1999 WL 557519, at *9–10 (S.D.N.Y. July 28, 1999) (same); *Lawrence v. Goord,* 98 Civ. 7212(AGS), 1999 WL 311812 at *1 (S.D.N.Y. May 17, 1999) (same); *Odumosu v. Keller,* 53 F.Supp.2d 545, 547 (N.D.N.Y. 1999) (same); *Beeson,* 28 F.Supp.2d at 888, 892–96 (same); *Funches v. Reish,* No. 97 Civ. 7611(LBS), 1998 WL 695904, at *9 (S.D.N.Y. Oct.5, 1998).

The Second Circuit has not yet spoken on this issue, though it has on several occasions made note of the unsettled state of this area of the law. *See Liner v. Goord,* 196 F.3d 132, ——, No 98–2925, 1999 WL 734693, at *3 (2d Cir. Sept.22, 1999) (noting that law concerning PLRA exhaustion requirement is in "great flux," but declining to address issue given nature of record on appeal); *Snider v. Dylag,* 188 F.3d 51, 54 (2d Cir.1999) (noting in dicta that "it is far from certain that the exhaustion requirement of [the PLRA] ... applies to deliberate indifference claims ... under § 1983, where the relief requested is monetary and where the administrative appeal, even if decided for the complainant, could not result in a monetary award").

■ Given the extensive amount of discussion already devoted to the question of the PLRA's administrative exhaustion requirement, reinvention of the wheel is unnecessary. This Court adopts the position taken by a significant number of other courts that, prior to filing suit under Section 1983, an incarcerated plaintiff must exhaust administrative remedies even where he seeks money damages not recoverable under the established grievance procedure.[1] *See Cruz,* —— F.Supp.2d at ——, 1999 WL 557519, at *10; *Beeson,* 28 F.Supp.2d at 892–96; *Decker v. Doe,* 97 Civ. 5343(MBM), 1998 WL 883300, at *2 (S.D.N.Y. Dec. 17, 1998); *Funches,* 1998 WL 695904, at *9. *But see Rumbles v. Hill,* 182 F.3d 1064, 1068–69 (9th Cir.1999), *petition for cert. filed,* (U.S. Sept. 27, 1999) (No. 99–537); *Garrett,* 127 F.3d at 1266; *Whitley,* 158 F.3d at 886–87; *Lunsford,* 155 F.3d at 1179; *Polite,* 1998 WL 146687, at *2.

Consequently, Edney's Section 1983 claims against White and Kerrigan shall be dismissed without prejudice, based on his failure to exhaust his administrative remedies.

---

1. It should be noted, however, that there is also vigorous disagreement within the courts as to the meaning of actions "with respect to prison conditions" under Section 1997e(a), with more than a few courts holding, persuasively, that this language does not apply to Section 1983 suits based on Eighth Amendment excessive force claims. *See Carter v. Kiernan,* No. 98 Civ. 2664(JGK), 1999 WL 14014, at *4–5 (S.D.N.Y. Jan.14, 1999); *Wright v. Dee,* 54 F.Supp.2d 199, 204 (S.D.N.Y.1999); *Baskerville v. Goord,* No. 97 CIV. 6413(BSJ), 1998 WL 778396, at *5 (S.D.N.Y. Nov.5, 1998). *But see Beeson,* 28 F.Supp.2d at 888–92. Because Edney's failure-to-protect claims against White and Kerrigan challenge the conditions of his confinement under the meaning of *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the instant case does not demand any resolution of this issue. *See Soto v. Elston,* 993 F.Supp. 163, 164 (W.D.N.Y.1998).

## II. *Edney's Present Complaint Fails to State a Claim Under the Eighth Amendment*

Even had Edney exhausted all available administrative remedies, his complaint would nevertheless fail to state a claim for Eighth Amendment deprivations.

The Eighth Amendment imposes affirmative duties upon prison officials to "take reasonable measures to guarantee the safety of the inmates" under their control. *Farmer*, 511 U.S. at 832, 114 S.Ct. 1970 (*quoting Hudson v. Palmer*, 468 U.S. 517, 526–527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). Being violently assaulted in prison, after all, is simply not part of the penalty that criminal offenders pay for their offenses against society, and inmates are compelled by their circumstances to look to those who operate and oversee the prison system for their protection. *See id.* at 833, 114 S.Ct. 1970; *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The Eighth Amendment therefore imposes a duty upon prison officials to protect prisoners from violence at the hands of other inmates. *See Farmer*, 511 U.S. at 833, 114 S.Ct. 1970; *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir.1997).

Nevertheless, a prison official may be held liable for Eighth Amendment deprivations only when two prerequisites are met. First, the deprivation alleged must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). To bring a successful "failure to protect" claim like Edney's, a plaintiff must show that he is incarcerated under conditions posing "a substantial risk of serious harm." *Id.*

Second, a prison official must have a sufficiently culpable state of mind. *See id.* Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," *id.* (*quoting Wilson*, 501 U.S. at 297, 111 S.Ct. 2321), the prison official's state of mind must therefore be one of "deliberate indifference" to inmate health or safety. *Id.* "Deliberate indifference" entails something more than mere negligence, *see id.* at 835, 114 S.Ct. 1970; *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir.1996), though it does not demand a demonstration of conduct undertaken for the very purpose of causing harm. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994). Deliberate indifference instead requires a showing that the official was aware of an excessive risk to an inmate's safety, but that he knowingly disregarded that risk. *See Farmer*, 511 U.S. at 835–37, 114 S.Ct. 1970. While certainly no cause for commendation, a prison official's failure to alleviate a significant risk that he should have perceived, but did not, cannot be condemned as a violation of Eighth Amendment rights. *See id.* at 838, 114 S.Ct. 1970.

According to Edney's complaint, it was Tappan's policy to have corrections officers stationed near building eleven at approximately the same time Edney was attacked, and that policy was the result of an awareness on Defendants' part that the area near building eleven was the situs of extensive trafficking in drugs, money, weapons, and other contraband. Defendants counter that the absence of corrections officers at the time of Edney's assault was, at best, the result of negligence on the part of prison personnel.

While Edney asserts "deliberate indifference" on the part of Defendants, he does not presently allege any specific facts from which this Court could conclude that either White or Kerrigan possessed a state of mind equivalent to "deliberate indifference." Indeed, from Edney's complaint it is impossible to tell what White or Kerrigan's individual roles were in determining the security coverage at the prison at the time Edney was stabbed, other than that White was an Officer–in–Charge, Kerrigan was a Supervisor, and both were on official duty the evening of June 23, 1998. Furthermore, Edney never ventures to assert that White and Kerrigan were ever them-

selves aware that corrections officers were not covering the area in which Edney was stabbed. While Edney states that prison officials were well aware of the dangers associated with the trading of guns, drugs, and other contraband in the area of the prison where he was attacked, nowhere does Edney ever particularize White and Kerrigan's awareness of the risks present at Tappan on the day Edney was actually attacked. It is not required that Edney conclusively establish his claim, or that he allege facts that are particularly within the control of the Defendants or third parties, but he must do more than simply allege that a lapse or breach of security occurred and that the Defendants were on duty at the time.

This is not to make light of the serious injuries that Edney appears to have suffered as a result of his attack. However, as explained above, an inmate must do more than allege a generalized danger or negligent failure to respond to such a danger. Rather, a plaintiff such as Edney must provide a court with particularized allegations from which it could be concluded that the Defendants' failure to offer protection was accompanied by a sufficiently culpable state of mind.[2]

### Conclusion

Although this Court finds that Edney's complaint presently fails to state a claim, his claims do not appear to be frivolous or malicious. It is not unreasonable, however, to ask that he first exhaust his administrative remedies before bringing suit.

Accordingly, the complaint is dismissed without prejudice to refiling after the completion of available inmate grievance procedures.

It is so ordered.

---

**2.** Additionally, though none of the parties have addressed the issue, Edney's suit for monetary damages against White and Kerrigan in their official capacities is barred by the Eleventh Amendment. *See Melo,* 1998 WL 67667, at *3.