**Candido RODRIGUEZ, Plaintiff,**

**v.**

**Kenneth BERBARY, Correction Officer, Raymond Hauck, Correction Officer, Wesley Spring, Correction Officer, Michael J. Verrastro, Correction Officer, Timothy J. Snyder, Correction Officer, Mark Cunningham, Sergeant, and David R. Coffey, Sergeant, in their individual capacities, Defendants.**

**No. 97–CV–0931S(Sc).**

United States District Court, W.D. New York.

Jan. 20, 1998.

Prisoner's Legal Services of New York, Inc. (Marie–Ann Sennett, of counsel), Buffalo, NY, for Plaintiff.

**ORDER**

CURTIN, District Judge.

The plaintiff has requested permission to proceed *in forma pauperis* (Items 2 and 3) pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the court with a signed authorization. Accordingly, the plaintiff's requests to proceed in this court as a poor person are hereby granted.

When the court grants *in forma pauperis* status, section 1915 mandates that the court also must conduct an initial screening of the action to ensure that it goes forward only if it meets certain qualifications. 28 U.S.C. § 1915(e)(2). Furthermore, Section 1915A states that when a complaint in a civil action is filed by a prisoner, the court shall review the complaint filed and dismiss any claims that are "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A review of plaintiff's complaint reveals that plaintiff's claim is that defendants punched, kicked, and forcibly beat plaintiff without provocation on the part of the plaintiff. In essence, plaintiff claims that his Eighth Amendment constitutional rights were violated when defendants used excessive force for no apparent reason.

The court is cognizant that the Prison Litigation Reform Act, 42 U.S.C. § 1997e,

requires a plaintiff to exhaust his administrative remedies before bringing a § 1983 action with respect to "prison conditions." While the case law on this issue is sparse, the court is also cognizant that some courts have required a plaintiff to exhaust his administrative remedies before bringing a § 1983 action with respect to prison conditions. *See, e.g., Tafoya v. Simmons,* 116 F.3d 489 (Table), 1997 WL 337513, at *2 (10th Cir. June 19, 1997) (inmate must exhaust administrative remedies regardless of whether or not the administrative action is futile); *Midgette v. Doe,* 1997 WL 634280 (S.D.N.Y. Oct.15, 1997) (inmate must exhaust his administrative remedies in a failure to protect claim); *Mitchell v. Gomez,* 1997 WL 305273 (N.D.Cal. June 2, 1997) (inmate must exhaust administrative remedies for a claim that prison guards incited other inmates to assault him); *McCoy v. Scott,* 1997 WL 414185 (N.D.Cal. July 15, 1997) (inmate must exhaust administrative remedies for a claim that prison officials ignored his concerns about problems with his cellmate); *Morgan v. Arizona Department of Corrections,* 976 F.Supp. 892, 895–896 (D.Ariz.1997) (inmate's claims that prison officials threatened his safety and allowed other inmates to assault him considered a prison condition and therefore must be grieved).

However, the claims in the cases cited above all concern facts where corrections officers "failed to protect" an inmate from other being assaulted by other inmates. The cases cited do not concern claims alleging that corrections officers themselves assaulted the plaintiff, in contrast to the case at bar. Under *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), assault claims are not claims that challenge the conditions of a prisoner's confinement. That is, assault claims are distinguishable from failure to protect claims and from claims regarding whether adequate food, clothing, shelter, and/or medical care was received. In *Farmer,* the Supreme Court stated:

> In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. *See Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."

*Farmer,* 511 U.S. at 832.

Based on the foregoing, the Clerk of Court is directed to file the plaintiff's papers and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor. However, unpaid fees are recoverable if this action terminates by monetary award in the plaintiff's favor.

So ordered.