Jose CASTILLO, Plaintiff,

v.

Charles BUDAY, W. Glasser, J. Peryea, and C. Grima, Defendants.

No. 99 CIV 1372 JES.

United States District Court, S.D. New York.

March 1, 2000.

Jose Castillo, Auburn, New York, pro se.

Eliot Spitzer, Attorney General of the State of New York, New York, New York, Thomas Sofield, Assistant Attorney General, of counsel, for Defendants.

---

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* brings this action against Charles Buday, W. Glasser, J. Peryea, and C. Grima, pursuant to 42 U.S.C. § 1983 alleging that defendants violated his Eight Amendment rights. Defendants move to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996 ("PLRA"). For the reasons stated below, defendants' motion to dismiss is granted.

## BACKGROUND

The following facts, taken from plaintiff's complaint, are, of course, assumed to be true. On October 4, 1997, plaintiff, an inmate at Green Haven Correctional Facility ("Green Haven"), alleges that defendants pushed him without provocation, and that defendants subsequently beat him, inflicting serious physical injuries, including lacerations to his face and body.

While plaintiff acknowledges that there is a grievance procedure in place at Green Haven, plaintiff readily admits that he did not present the facts of this case to the grievance committee because "[a]ll inmate complaints of assault by staff are routinely denied, and they are found to be without merit by the N.Y.S. Department of Correctional Services." Complaint at ¶ II(D).

## DISCUSSION

Defendants move to dismiss plaintiff's complaint for failure to exhaust administrative remedies as required by the PLRA.

The PLRA amended 42 U.S.C. § 1997e(a) and 18 U.S.C. § 3626 to require that "no action shall be brought with respect to prison conditions under section 1983 or any other federal law ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West Supp.1998). Here, plaintiff seeks monetary damages resulting from defendants' use of excessive force and it is beyond dispute that plaintiff has failed to exhaust his administrative remedies.[1] Thus, the Court must first determine whether the PLRA's administrative exhaustion requirement bars plaintiff from proceeding in this forum.

Some courts that have addressed the applicability of the PLRA's administrative exhaustion requirement in actions for excessive force have questioned whether such claims are actions "with respect to prison conditions," within the meaning of § 1997e(a). *Compare Baskerville v. Goord,* No. 97 Civ. 6413, 1998 WL 778396, at *3–*5 (S.D.N.Y. Nov. 5, 1998); *Wright v. Dee,* 54 F.Supp.2d 199, 204 (S.D.N.Y. 1999); *Carter v. Kiernan,* 98 Civ. 2664, 1999 WL 14014, at *2 (January 14, 1999); *White v. Fauver,* 19 F.Supp.2d 305, 312–15 (D.N.J.1998); *Rodriguez v. Berbary,* 992 F.Supp. 592, 593 (W.D.N.Y.1998); *Johnson v. O'Malley,* No. 96 C. 6598, 1998 WL 292421, at *3 (N.D.Ill. May 19, 1998); *with Freeman v. Francis,* 196 F.3d 641, 643–44 (6th Cir.1999) (holding that excessive force claims are subject to the PLRA's administrative exhaustion requirement); *Diezcabeza v. Lynch,* 75 F.Supp.2d 250, 255 (S.D.N.Y.1999) (same); *Beeson v. Fishkill Correctional Facility,* 28 F.Supp.2d 884, 888 (S.D.N.Y.1998) (same); *Johnson v. Garraghty,* 57 F.Supp.2d 321, 322–323

---

1. In a letter to this Court dated July 13, 1999, plaintiff states that he filed a grievance with the Inmate Grievance Resolution Committee ("IGRC") on January 27, 1999, complaining generally about "inmate ... assaults by staff and [the fact that] grievance[s][are] routinely denied." *See* Letter dated July 13, 1999 at 3. While this assertion would ordinarily cause the Court to permit a *pro se* plaintiff to re- plead, that is not required here. It appears from the face of the attached grievance that plaintiff did not present the facts of the instant case to the IGRC, nor respond to the IGRC's request for information, or otherwise cooperate with their investigation. Thus, any grievance that was filed was never pursued, and was clearly not exhausted.

(E.D.Va.1999) (same); *Moore v. Smith,* 18 F.Supp.2d 1360, 1362–63 (N.D.Ga.1998) (same); *Morgan v. Arizona Dep't of Corrections,* 976 F.Supp. 892, 896 (D.Ariz. 1997) (same).

The phrase "with respect to prison conditions" is not defined anywhere in 42 U.S.C. § 1997e(a). The phrase, however, is defined in 18 U.S.C. § 3626 which was adopted as part of the PLRA. Section 3626(g)(2) states, in part, that

> the term "civil action with respect to prison conditions" means any civil proceedings arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

18 U.S.C. § 3626(g)(2) (West Supp.1998).

In analyzing the phrase "with respect to prison conditions" in § 1997e(a), the Court should rely upon the same language defining the phrase in § 3626(g)(2), since the same or similar language used in different parts of a statute should be interpreted as having the same or similar meaning. *See Mertens v. Hewitt Associates,* 508 U.S. 248, 260, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) ("[L]anguage used in one portion of a statute [ ] should be deemed to have the same meaning as the same language used elsewhere in the statute."). Thus, this Court joins with those courts that have found the phrase "with respect to prison conditions" to encompass the definition found in § 3626(g)(2). *See Diezcabeza,* 75 F.Supp.2d at 253; *Beeson,* 28 F.Supp.2d at 888–89. Accordingly, the Court is constrained to conclude that plaintiff's excessive force claims fall within the plain language of § 3626(g)(2) that defines "action with respect to prison conditions" to include any civil proceeding with respect to

"the effects of actions by government officials on the lives of persons in prison." 18 U.S.C. § 3626(g)(2). Thus, plaintiff's admission that he did not exhaust the administrative remedies available to him at the prison mandates dismissal of the instant suit.

As noted above, several courts have held that an "action ... with respect to prison conditions" does not include those suits alleging excessive force by corrections officials. To the extent those cases rely upon the fact that an amendment of § 1997e(a) in 1996 limited the scope of the prior version of the statute to claims brought "with respect to prison conditions," the Court does not find them persuasive. Rather than narrowing the scope of the prior version of the statute, the 1996 amendment actually broadened the scope of the administrative exhaustion requirement to include all civil claims under federal law, not just those brought pursuant to § 1983 (as did the prior version of § 1997e(a)). Moreover, nowhere in the 1996 amendment is there even a suggestion that the phrase "prison conditions" should be defined differently from the definition provided for by Congress in 18 U.S.C. § 3626, which was enacted as part of the PLRA. It follows that excessive force claims are subject to the statutory exhaustion requirement as acts of government officials having an effect on the lives of those in prison.[2]

The Court is likewise not persuaded by the argument relied upon by some courts that two U.S. Supreme Court decisions, *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) and *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), support the position that excessive force claims are different from typical conditions-of-confinement claims, and hence not subject to

**2.** To the extent that those courts rely on the PLRA's legislative history, suffice it to say that, where, as here, the statute is clear, and the statutory definition is precise, it is inappropriate to resort to the statute's legislative

history. *See Chicago v. Environmental Defense Fund,* 511 U.S. 328, 337 114 S.Ct. 1588, 128 L.Ed.2d 302 (1994) ("[I]t is the statute, and not the Committee Report, which is the authoritative expression of the law....").

exhaustion.[3] *See Baskerville*, 1998 WL 778396, at \*3–\*4; *White*, 19 F.Supp.2d at 314–15; *Rodriguez*, 992 F.Supp. at 593; *Johnson*, 1998 WL 292421, at \*3. As Judge Mukasey noted in *Beeson*, the Court's responsibility in interpreting § 1997e(a) is to determine the intent of Congress, not the Supreme Court, *see Beeson*, 28 F.Supp.2d at 890, and there is no indication that Congress intended to adopt the distinction regarding conditions-of-confinement claims and excessive force claims that the Supreme Court announced in *Hudson. See id.* In fact, the opposite is true. Congress has clearly enunciated its own definition, so that resort to language in *Hudson* is neither relevant nor appropriate.

In sum, the Court concludes that the PLRA requires that excessive force claims must be administratively exhausted before being brought in federal court.

Nevertheless, plaintiff contends that since he seeks monetary relief, and such relief is not available under the grievance program at Green Haven, that he does not have to pursue his administrative claims since it would be futile. Plaintiff apparently relies on several decisions by courts that have held that the administrative exhaustion requirement of the PLRA is inapplicable where the plaintiff seeks monetary relief, and where such relief is not available through the administrative process. *Compare Garrett v. Hawk*, 127 F.3d 1263, 1266 (10th Cir.1997) (holding that the administrative exhaustion requirement of the PLRA inapplicable in those cases where the administrative process does not provide for the relief requested); *Whitley v. Hunt*, 158 F.3d 882, 886–87 (5th Cir.1998) (same); *Lunsford v. Jumao–As*, 155 F.3d 1178, 1179 (9th Cir.1998) (same); *Vasquez v. Artuz*, No. 97 Civ. 8427, 1999 WL 440631, at \*5 (S.D.N.Y. June 28, 1999) (same); *Polite v. Barbarin*, No. 96 Civ. 6818, 1998 WL 146687, at \*2 (S.D.N.Y. March 25, 1998) (same), *with Alexander v. Hawk*, 159 F.3d 1321, 1325–27 (11th Cir. 1998) (holding that exhaustion is required even where ultimate relief sought is not available); *Nyhuis v. Reno*, 204 F.3d 65, 70 (3rd Cir.2000) (same); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir.1999) (same); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 537–38 (7th Cir. 1999) (same); *Santiago v. Meinsen*, 89 F.Supp.2d 435, 439 (2000); *Cruz v. Jordan*, 80 F.Supp.2d 109, 119–20 (S.D.N.Y.1999) (same); *Edney v. Karrigan*, 69 F.Supp.2d 540, 544 (S.D.N.Y.1999) (same) (collecting cases); *Beeson*, 28 F.Supp.2d at 896 (S.D.N.Y.1998) (same).[4]

The argument advanced by those courts that have held that exhaustion is not required under the PLRA relies on the phrase "available remedy" contained in § 1997e(a). They reason that where a

---

3. The pertinent passage from the *Hudson* decision states:

   Extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eight Amendment violation.... In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *Hudson*, 503 U.S. at 8–9, 112 S.Ct. 995 (citations omitted); *see also Farmer*, 511 U.S. at 832, 114 S.Ct. 1970 ("In the prohibition of 'cruel and unusual punishments,' the Eight Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. The Amendment also imposes duties on those officials who must provide humane conditions of confinement ....") (citations omitted).

4. The question remains undecided by the Second Circuit *but see Snider v. Dylag*, 188 F.3d 51, 55 (2d Cir.1999) (noting in dicta "that it is far from certain that the exhaustion requirement of 42 U.S.C. § 1997e(a) applies to deliberate indifference claims in the context of the instant one, under § 1983, where such relief is monetary and where the administrative appeal, even if decided for the complainant, could not result in a monetary award").

prisoner seeks a remedy that is not available through the administrative process, such as monetary relief, exhaustion is not required since there is no "available remedy" to the inmate within the meaning of § 1997e(a). Since there is no "available remedy," these courts have concluded that requiring an inmate to file a grievance "would be but an empty formality." *White,* 19 F. Supp.2d at 317.

The Court is not persuaded by this line of reasoning since it is inconsistent with the plain language of § 1997e(a) and Congress' amendment of this provision in 1996. The PLRA as enacted in 1996 deleted various provisions from § 1997e(a), including, *inter alia,* the requirement that a prisoner exhaust all "plain, speedy, and effective remedies as are available," and removing all references to judicial or executive approval of those administrative remedies. *See Beeson,* 28 F.Supp.2d at 892. This amendment, which must be presumed to have real and substantial effect, suggests strongly that "Congress now conditions prisoner suits on the exhaustion of such administrative remedies as are available, without regard to whether those remedies are 'effective' without regard to whether they substantially comply with 'minimum acceptable standards' and without regard to whether they are 'just and effective.'" *Beeson,* 28 F.Supp.2d at 894 (quoting *Spence v. Mendoza,* 993 F.Supp. 785, 787 (E.D.Cal.1998)). Furthermore, any construction of § 1997e(a) that conditions exhaustion on the administrative grievance procedure of each state would make 1997e(a) subject to the vagaries and peculiarities of state law and frustrate Congress' stated intent of reducing the "heavy volume of frivolous prison litigation in state court." *Id.* at 893 (citations omitted). For all of these reasons, the Court concludes that the PLRA mandates exhaustion even in those cases where a prisoner seeks relief that is unavailable through the administrative process.

In any event, to the extent that the state grievance procedure may not provide monetary relief that is not a persuasive reason to disregard the clearly manifested Con-gressional intent that claims for excessive force be exhausted before proceeding in the federal courts. To the extent that monetary relief is not available, it would be open to the plaintiff to argue in a subsequent federal suit that res judicata or collateral estoppel do not preclude a claim for monetary relief, since such relief could not have been asserted before the administrative agency. Of course both sides may face preclusive effect in a subsequent federal suit as to the facts which underlie the grievance. However, that circumstance does not in itself make the remedy unavailable.

## CONCLUSION

For all of these reasons, the Court holds that as a prerequisite to bringing suit in federal court, the PLRA requires exhaustion of all administrative procedures as are available to an inmate, regardless of whether such administrative procedures permit recovery of the relief ultimately sought by an inmate. Accordingly, defendants' motion to dismiss shall be and hereby is granted, and the complaint is dismissed without prejudice to being renewed upon exhaustion of all administrative remedies. The Clerk of Court is directed to close the above-captioned action.

It is **SO ORDERED.**