**Frank RAINES, Plaintiff,**

v.

**Sergeant Jay PICKMAN, Correction Officer Kevin Sharlow and Correction Officer Craig Tatro, Defendants.**

**No. 97–CV–0419 (NAM).**

United States District Court,
N.D. New York.

June 5, 2000.

Frank Raines, Moravia, NY, pro se.

Eliot Spitzer, Attorney General, State of New York, The Capitol, Mary E. Hill, Asst. Attorney General, of counsel, Albany, NY, for defendants.

## ORDER

MORDUE, District Judge.

This matter commenced trial before this Court on Monday, June 5, 2000. Defendants argued in their pretrial memorandum of law and at oral argument that plaintiff's claim fails because he has not exhausted his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"). This argument and motion is delinquent by more than two years, but is entertained herein because the issue may deprive the Court of the ability to adjudicate this matter. The following constitutes the Court's decision in the motion.

### Section 1997e(a) Does Not Require Administrative Exhaustion of Plaintiff's Excessive Force Claim

Section 1997e(a) of the PLRA, Pub.L. No. 104–134, 110 Stat. 1321–71 (1996), states:

No action shall be brought *with respect to prison conditions* under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies *as are available* are exhausted.

42 U.S.C. § 1997e(a) (West Supp.1999) (emphasis supplied).

This provision took effect on April 26, 1996, and applies to plaintiff's case, as plaintiff filed suit after this date. The question before the Court is whether § 1997e(a) prevents plaintiff's claim of excessive force from going to trial.

In arguing that plaintiff's excessive force claim fails because he did not exhaust administrative remedies, defendants clearly contend that plaintiff's claim of excessive force is an "action ... with respect to prison conditions" under § 1997e(a). As defendants properly note, however, "[c]ourts have [ ] disagreed about whether an Eighth Amendment excessive force claim qualifies as an action 'with respect to prison conditions' under § 1997e(a)." *Carter v. Kiernan,* 1999 WL 14014, at *2 (S.D.N.Y.1999). *Compare Carter,* 1999 WL 14014, at *2 (holding that Eighth Amendment excessive force claims are not covered by the exhaustion requirements of § 1997e(a)), *and Wright v. Dee,* 54 F.Supp.2d 199, 203–04 (S.D.N.Y.1999) (same), *and Baskerville v. Goord,* 1998 WL 778396, at *2–5 (S.D.N.Y.1998) (same), *and White v. Fauver,* 19 F.Supp.2d 305, 313–15 (D.N.J.1998) (same), *and Johnson v. O'Malley,* 1998 WL 292421, at *3 (N.D.Ill. 1998) (same), *and Rodriguez v. Berbary,* 992 F.Supp. 592, 593 (W.D.N.Y.1998) (same), *with Mengstie v. Williams,* 97–CV–974, Slip Op. at 11–15 (N.D.N.Y.1999) (Kahn, J.) (holding that § 1997e(a)'s exhaustion requirements do apply to Eighth Amendment excessive force claims), *and Beeson v. Fishkill Corr. Fac.,* 28 F.Supp.2d 884, 887–96 (S.D.N.Y.1998) (same), *and Moore v. Smith,* 18 F.Supp.2d 1360, 1363 (N.D.Ga.1998) (same).

Aside from the sharp disagreement courts are having as to whether § 1997e(a)'s "with respect to prison conditions" language applies to excessive force claims, courts are also divided about whether to apply § 1997e(a)'s administrative exhaustion requirements where plaintiff seeks money damages and such relief

is not "available" through the administrative process. *Compare Baskerville,* 1998 WL 778396, at *2 n. 5 ("[c]ourts are [ ] split on the meaning of the term 'available' as contained in § 1997e(a) and whether a prisoner is required to exhaust administrative remedies even where these remedies do not provide the relief (e.g., monetary damages) the prisoner seeks.") (comparing cases), *and Carter,* 1999 WL 14014, *5 n. 2 (same), *and Woods v. Fitzpatrick,* 1999 WL 221108, at *4 (S.D.N.Y.1999) ("since the available administrative procedure could not provide the relief Plaintiff requests, exhaustion is not appropriate in this case"), *and White,* 19 F.Supp.2d at 316–17 (same), *and Garrett v. Hawk,* 127 F.3d 1263, 1267 (10th Cir.1997) (in *Bivens* action brought by federal prisoner, § 1997e(a)'s exhaustion requirement did not apply where inmate could not get money damages through administrative remedy), *and Freeman v. Godinez,* 996 F.Supp. 822, 825 (N.D.Ill.1998) ("[p]ursuant to ... § 1997e[ (a) ], the remedy must be available through the administrative process or it need not be utilized"), *and Lacey v. C.S.P. Solano Medical Staff,* 990 F.Supp. 1199, 1205 (E.D.Cal.1997) (holding that when "an institutional administrative procedure is not empowered to achieve the end sought by plaintiff ... it is not an 'available' administrative remedy within the ordinary meaning of that word"), *and Blas v. Endicott,* 31 F.Supp.2d 1131, 1133 n. 5 (E.D.Wis.1999) (noting in *dicta* that "the unavailability of monetary relief through prison grievance procedures has been seized upon by some federal courts as a means of negating the exhaustion requirement, relying on the statutory language requiring exhaustion of administrative remedies 'as are available[,]'" and noting that courts holding the opposite "are clearly in the minority"), *with Odumosu v. Keller,* 53 F.Supp.2d 545, 546 (N.D.N.Y.1999) (Kahn, J.) (in federal prisoner *Bivens* action, § 1997e(a) "requires exhaustion even where an inmate only seeks relief which cannot be obtained through administrative procedures"), *re-*

*versed,* 205 F.3d 1324 (2d Cir.2000), *and Alexander v. Hawk,* 159 F.3d 1321, 1325–27 (11th Cir.1998) (same), *and Beeson,* 28 F.Supp.2d at 892–95 (same as to state prisoner § 1983 action), *and Funches v. Reish,* 1998 WL 695904, at *7–9 (S.D.N.Y.1998) (same), *and Moore,* 18 F.Supp.2d at 1363–64 (same), *and Spence v. Mendoza,* 993 F.Supp. 785, 787–88 (E.D.Cal.1998) (same), *and Warburton v. Underwood,* 2 F.Supp.2d 306, 311 (W.D.N.Y.1998) (applying § 1997e(a)'s exhaustion requirements to a claim for monetary damages without analysis of the issue), *and Melo v. Combes,* 1998 WL 67667, at *2–3 (S.D.N.Y.1998) (same).

■ Plaintiff in this action is not required to meet § 1997e(a)'s exhaustion requirements on his excessive force claim. For the reasons set forth in *Carter,* 1999 WL 14014, *Baskerville,* 1998 WL 778396 and *White,* 19 F.Supp.2d at 313–15, this Court holds that plaintiff was not required to administratively exhaust any remedies before bringing his excessive force claim. As several courts have persuasively found, claims of excessive force are not "brought with respect to prison conditions," as set forth in § 1997e(a). Rather, use of excessive force is an intentional assault and battery; it is not a "prison condition." *See White,* 19 F.Supp.2d at 315 ("A common sense interpretation of the phrase 'prison conditions' in § 1997e(a) suggests that it does not include the use of excessive physical force. Simply put, assault is not an 'effect.' It is an intentional act."); *Rodriguez,* 992 F.Supp. at 593 ("assault claims are not claims that challenge the conditions of a prisoner's confinement."); *Wright,* 54 F.Supp.2d 199, 204 ("this court agrees that an excessive force claim does not address 'prison conditions' and exhaustion of administrative remedies is, consequently, not required.").

■ The Court alternatively holds that § 1997e(a) only requires exhaustion of administrative remedies "as are available," and that no administrative remedy available to plaintiff in this case would have allowed him monetary damages. *See Rumbles v. Hill,* 182 F.3d 1064, 1069 (9th Cir.1999) ("Exhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only money damages and if the correctional facility's administrative grievance process does not allow for such an award."); *White,* 19 F.Supp.2d at 316–17 (finding under New Jersey law, an inmate may not administratively recover monetary damages, and thus § 1997e(a) not applicable to certain claims); *Woods,* 1999 WL 221108, at *4 ("*The New York Department of Corrections grievance program does not specifically provide for the award of compensatory damages* .... Accordingly, since the available administrative procedure could not provide the relief Plaintiff requests, exhaustion is not appropriate in this case.") (emphasis supplied).

Finally, the Court notes that the Second Circuit has never conclusively resolved the PLRA's application to claims of excessive force. Yet, two cases have touched upon it, both of which indicate that the Court's conclusion here is correct.

First, in *Snider v. Melindez,* 199 F.3d 108, 113–14 n. 2 (2d Cir.1999), decided on other grounds, the Circuit stated in *dicta* that the PLRA exhaustion provision

clearly does not require a prisoner to exhaust administrative remedies that do not address the subject matter of his complaint. If, for example, the inmate's suit complains that he was beaten by prison guards, and the institution provides a grievance proceeding for inmate complaints about food (but none for the complaints about beatings), we can be confident that Section 1997e(a) does not require the inmate to pursue a grievance procedure that is available but has no application whatsoever to the subject matter of his complaint.

*Id.*

Of course, the above cited language fails to mention that before even reaching the question of grievance remedy, the first

question to be answered must be whether an inmate beating or use of excessive force is even an action "with respect to prison conditions." Nevertheless, pursuant to the above cited language, it would appear that in order for the Court to dismiss for failing to exhaust administrative remedies, the Court must be shown that such a remedy exists for an inmate beating in the grievance context. This is an issue of law for the Court to determine. *See id.* at 113–14 ("[w]hether an administrative remedy is available to a prisoner in a particular prison or prison system ... are not questions of fact."). As defendants move to dismiss for failure to exhaust administrative remedies, it is their burden to come forward to show that an administrative remedy exists for plaintiff to pursue in reference to his claims of excessive force. This, defendants have utterly failed to do, resulting in yet another alternative basis for denial of their motion.

Second, in a case cited above, *Odumosu,* 53 F.Supp.2d at 546, Judge Kahn, of this District, dismissed a federal prisoner's lawsuit for failure to exhaust his administrative remedies. The Second Circuit recently reversed, in an unpublished decision. *See Odumosu,* 205 F.3d 1324, 2000 WL 241644, at *2. Though the Circuit's decision has no precedential value, the Court cannot help but note that the basis for reversal was one of the grounds relied on herein, inasmuch as plaintiff in that case had no monetary remedy through his prison's internal grievance procedures. It appears that the New York State Department of Correctional Services similarly does not have a method of securing monetary damages though an inmate grievance. *See Woods,* 1999 WL 221108, at *4 (*"The New York Department of Corrections grievance program does not specifically provide for the award of compensatory damages* .... Accordingly, since the available administrative procedure could not provide the relief Plaintiff requests, ex-

haustion is not appropriate in this case.") (emphasis supplied).

In conclusion, the Court finds that § 1997e(a)'s exhaustion requirement does not prevent plaintiff's excessive force claim from going to trial.

IT IS SO ORDERED.