Steven FREYTES, et al, Plaintiffs,

v.

Zoe LABOY, et al, Defendants.

Civil No. 00–2456(HL).

United States District Court,
D. Puerto Rico.

April 24, 2001.

Jose R. Olmo–Rodriguez, Edif. El Centro I, Hato Rey, PR, for plaintiffs.

Leticia Ramirez–Rangel, Commonwealth Department of Justice, Federal Litigation Division, San Juan, PR, for defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is Defendants' motion to dismiss for failure to state a claim. Defendants are various prison officials. Plaintiffs are Steven Freytes and his mother Noemi Rivera González. Freytes is a prison inmate. Plaintiffs bring this claim pursuant to section 1983 [1] and claim violations of Freytes' rights under the Fifth, Eighth, and Fourteenth Amendments. They also bring Puerto Rico law claims under the Court's supplemental jurisdiction.

In ruling on a motion to dismiss, the Court takes as true Plaintiffs' well pleaded facts and draws all reasonable inferences in their favor. *See Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999); *DM Research, Inc. v. College of American Pathologists,* 170 F.3d 53, 55 (1st Cir.1999). Plaintiffs allege that Freytes was housed in the prison in Bayamón; that he told prison officials that other inmates had made death threats against him; that the officials failed to take appropriate measures to ensure his safety; and that as a result he was physically assaulted on a number of occasions by other inmates. Plaintiffs further allege that Freytes was beaten by prison officials; that he was not provided appropriate medical care for his injuries; and that prison officers are not adequately trained or supervised in the use of force or in classifying prisoners.

█ Plaintiffs do not allege that Freytes exhausted the prison's administrative grievance procedures for his claims. Defendants' principal argument in their mo-

tion to dismiss is that this failure to exhaust administrative remedies should prove fatal to Plaintiffs' claims. A prisoner may not bring a section 1983 claim "with respect to prison conditions" without first having exhausted the prison's administrative remedies. 42 U.S.C.A. § 1997e(a) (West Supp.2000). Plaintiffs argue that their claims of excessive force do not fall under this category. The Court is unaware of any First Circuit precedent on this issue, and other courts are split on it. A slight majority has held that a claim of excessive force is a claim brought with respect to prison conditions. *See Higginbottom v. Carter,* 223 F.3d 1259, 1260–61 (11th Cir.2000); *Booth v. Churner,* 206 F.3d 289, 293–98 (3rd Cir.2000); *Freeman v. Francis,* 196 F.3d 641, 643–44 (6th Cir. 1999); *Johnson v. Garraghty,* 57 F.Supp.2d 321, 326–28 (E.D.Va.1999); *but see Nussle v. Willette,* 224 F.3d 95, 99–106 (2nd Cir.2000) (exhaustion of administrative remedies is not required for excessive force claims). In a previous section 1983 prisoner's case—albeit one that did not include an excessive force claim—this Court looked to another section of the Prison Litigation Reform Act to determine the scope of the phrase "with respect to prison conditions." *See Feliciano v. Servicios Correccionales,* 79 F.Supp.2d 31, 32–33 (D.P.R.2000). In reaching a conclusion in this case, the Court uses that same methodology. Section 3626(g)(2) of Title 18 states that "the term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." This expansive language would include a claim for excessive force. Accordingly, the Court follows those courts that have held that prisoners' claims for

---

**1.** 42 U.S.C.A. § 1983 (West Supp.2000).

excessive force are subject to the administrative exhaustion requirement.

■ Plaintiffs also argue that their claim that Defendants failed to provide Freytes with protection from other prisoners is not a claim with respect to prison conditions. A prisoner's safety is a condition of confinement. An alleged attack caused by an official's alleged deliberate indifference would constitute an "effect of actions" by a government official on the prisoner's life. *See* 18 U.S.C. § 3626(g)(2). Thus, the Court holds that the broad language of section 3626(g)(2) is equally applicable to a claim that prison officials failed to protect an inmate from attacks by other inmates. *See Palomino v. Stanton,* 1998 WL 196461, at *2 (N.D.Cal. April 21, 1998). Thus, Freytes must also exhaust administrative remedies for his claim that Defendants' were deliberately indifferent to his safety.

■ Finally, Plaintiffs argue that Freytes should not be required to exhaust administrative remedies because the relief they seek in this case—money damages— is not available administratively. They further argue that filing administrative claims would be an exercise in futility. Here again, the First Circuit has not yet addressed this issue, and other courts are split on it. A majority has held that a prisoner bringing a section 1983 claim for money damages must exhaust his administrative remedies even though the administrative remedies do not offer money damages. *See Booth,* 206 F.3d at 300; *Massey v. Helman,* 196 F.3d 727, 732–33 (7th Cir. 1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Alexander v. Hawk,* 159 F.3d 1321, 1325–28 (11th Cir.1998); *Rivera v. Garcia,* 192 F.R.D. 57, 59–60 (D.P.R.2000); *Hall v. McCoy,* 89 F.Supp.2d 742, 744–48 (W.D.Va.2000); *Sallee v. Joyner,* 40 F.Supp.2d 766, 769–70 (E.D.Va.1999); *Smith v. Stubblefield,* 30

F.Supp.2d 1168, 1171–74 (E.D.Mo.1998). Other courts, including three circuits, do not require exhaustion for claims of money damages. *See Rumbles v. Hill,* 182 F.3d 1064, 1068–69 (9th Cir.1999); *Whitley v. Hunt,* 158 F.3d 882, 885–87 (5th Cir.1998); *Garrett v. Hawk,* 127 F.3d 1263, 1266–67 (10th Cir.1997); *Raines v. Pickman,* 103 F.Supp.2d 552, 554–55 (N.D.N.Y.2000). This Court in *Feliciano* followed those courts which hold that administrative exhaustion is required even when money damages are sought. 79 F.Supp.2d at 33– 34. The Court adopts in this case its same reasoning in *Feliciano* and briefly adds two points. First, the language of section 1997e(a) does not contain an exception for claims of money damages. Second, a claim of futility is not an excuse for failing to exhaust administrative remedies. *Higginbottom,* 223 F.3d at 1261; *Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 537 (7th Cir.1999). Accordingly, even though Plaintiffs are seeking money damages, Freytes must first exhaust his administrative remedies before bringing a section 1983 claim. Therefore, the Court dismisses without prejudice Freytes' section 1983 claims. The Puerto Rico law claims of Rivera González are also dismissed without prejudice.

WHEREFORE, the Court grants Defendants' motion to dismiss (docket no. 21).

**IT IS SO ORDERED.**